Filed 7/22/22 P. v. Lane CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094768 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17F1958, 18F1999, 18F4370, 19F4257) |
| v. | |
| KAYLA MARIE LANE, | |
| Defendant and Appellant. | |

Defendant Kayla Marie Lane agreed to a stipulated term of eight years, including the upper term for one count, in a global settlement of several cases. Consistent with the plea agreement, the trial court sentenced defendant to eight years in prison. Defendant now appeals, arguing the changes made to Penal Code section 1170, subdivision (b) by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567) do

1

not permit an upper term sentence under the circumstances of the case.[1] We will affirm the judgment.

## I. BACKGROUND

This case involves four cases that were resolved by plea agreement. In case No. 17F1958, defendant pled no contest to receiving a stolen vehicle (§ 496d, subd. (a)) and admitted violations of probation in three other cases.[2] In case No. 18F1999, defendant pled no contest to possession of a destructive device. (§ 18710, subd. (a).) In case No. 18F4370, defendant pled no contest to attempted first degree burglary (§§ 664, 459) and taking or driving a vehicle with a prior conviction (§ 666.5; Veh. Code, § 10851). In case No. 19F4257, defendant pled no contest for failing to appear in a case. (§ 1320.5.)

The parties agreed to resolve these cases for an eight-year sentence, composed as follows: Three years (the upper term) for the attempted burglary conviction and one year (one-third the midterm) for the taking or driving a vehicle conviction in case No. 18F4370; eight months (one-third the midterm) for the failure to appear conviction in case No. 19F4257; eight months (one-third the midterm) for the possession of a destructive device conviction in case No. 18F1999; eight months (one-third the midterm) for the receiving a stolen vehicle conviction in case No. 17F1958; and eight months for each of the three probation violation cases, for a total aggregate sentence of eight years. The prosecution agreed to dismiss the balance of counts and allegations in the cases.

The trial court sentenced defendant to eight years in accordance with the plea agreement. The court also awarded defendant 1,189 days of custody credit. Defendant filed a notice of appeal without a certificate of probable cause.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The other three cases, case Nos. 14F0084, 16F0154, and 16F1655, are not subject to this appeal.

## II. DISCUSSION

Defendant argues she is entitled to resentencing because of the changes introduced to section 1170, subdivision (b) by Senate Bill 567. Defendant says the changes "eliminate[] the trial court's discretion to impose an aggravated sentence based upon an aggravating circumstance unless that circumstance has been admitted or found true beyond a reasonable doubt by a jury or the judge." Because defendant did not admit to any aggravating circumstances and none were found true beyond a reasonable doubt, defendant reasons she is entitled to resentencing under the amended statute.

Senate Bill 567 amended section 1170, effective January 1, 2022. (Stats. 2021, ch. 731.) Under the amended version of section 1170, when a judgment of imprisonment is to be imposed and a statute specifies three possible terms, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in [section 1170, subdivision (b)(2)]." (§ 1170, subd. (b)(1).) Section 1170, subdivision (b)(2) provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The parties agree Senate Bill 567 applies retroactively to defendant's case under *In re Estrada* (1965) 63 Cal.2d 740. Because Senate Bill 567 enacts an ameliorative change in the law by reducing the possible punishment for certain defendants, we agree with the parties that it applies retroactively here. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

The parties disagree as to the effect Senate Bill 567 should have on the case, however. Defendant argues the case should be remanded to allow defendant a new sentencing hearing that comports with the amended statute. The People respond that, because defendant stipulated to a sentence that included the upper term on one of the

3

counts, the trial court had no discretion to impose anything other than the upper term. Thus, section 1170, subdivision (b)(1) did not, and does not, apply to defendant's case, and the changes to the statute do not make any difference in defendant's sentencing. We agree with the People.

We find the reasoning in *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*), which considered the application of similar legislative changes, persuasive. In *Brooks*, the defendant agreed to a stipulated sentence in a plea agreement. (*Id.* at p. 1102.) After the trial court sentenced the defendant, the Legislature enacted section 1170.91, which required the trial court to consider trauma a defendant suffered as a result of military service as a mitigating factor when imposing a sentence under section 1170. (*Brooks, supra*, at pp. 1103-1104.) The trial court denied the defendant's petition to recall his sentence under the new law, finding it had no power to resentence him because he had agreed to a stipulated term in his plea agreement. (*Id.* at pp. 1102-1103.) The appellate court concluded because the defendant stipulated to the term of his sentence in the plea agreement, the trial court did not apply judicial discretion at the time it sentenced him and had no discretion on resentencing, because to do so would unlawfully modify the terms of his plea agreement. (*Id.* at pp. 1106-1107.) Once the trial court accepted the plea agreement, it was required to impose a sentence within the limits of that plea bargain. (*Ibid.*) As a result, when the court sentences a defendant to a stipulated term, it is not exercising its "triad sentencing discretion." (*Ibid.*) Put another way, " 'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)' " (*Id.* at p. 1109.) Other courts have concluded similarly. (*People v. King* (2020) 52 Cal.App.5th 783, 791; *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1007-1008.)

Like the statute in *Brooks*, the relevant changes in Senate Bill 567 rest on the trial court's exercise of its sentencing discretion under section 1170, subdivision (b). In defendant's case, the trial court imposed a sentence in accordance with the plea agreement, which included an upper term three-year sentence for the attempted burglary conviction in case No. 18F4370. The trial court accepted the plea agreement and did not exercise any discretion to impose the lower, middle, or upper term sentence under section 1170, subdivision (b). Thus, as in *Brooks*, the trial court had no discretion but to sentence defendant to the agreed upon term. (*Brooks, supra*, 58 Cal.App.5th at pp. 1106-1107.) Because defendant was not sentenced under section 1170, subdivision (b), the changes made by Senate Bill 567, even if applied retroactively, do not affect her sentence. Accordingly, the imposition of an upper term sentence remains proper.

### III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

HOCH, J.

5